**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1026**

LARRY MCDOUGALD,

       Plaintiff - Appellant,

    v.

QUAD/GRAPHICS MARKETING, LLC, d/b/a Quad Graphics; QUAD/GRAPHICS, INC., d/b/a Quad Graphics; QG PRINTING II, LLC, d/b/a Quad Graphics, f/k/a QQ Printing II, Inc.,

       Defendants - Appellees,

    and

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; QUAD GRAPHICS,

       Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:16-cv-01554-CMH-TCB)

Submitted: November 21, 2018              Decided: December 13, 2018

Before KING and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew B. Kaplan, THE KAPLAN LAW FIRM PLLC, Arlington, Virginia, for Appellant. Kevin M. Kraham, Cori K. Garland, LITTLER MENDELSON, P.C., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry McDougald appeals the district court's order granting Quad/Graphics Marketing, LLC, d/b/a/Quad Graphics; Quad/Graphics, Inc., d/b/a/ Quad Graphics; QG Printing II, LLC, d/b/a Quad Graphics, f/k/a QQ Printing II, Inc. (referred to collectively herein as Quad/Graphics), summary judgment on McDougald's race discrimination and retaliation claims, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018), and 42 U.S.C. § 1981 (2012). McDougald asserts that the district court erred in granting Quad/Graphics summary judgment because he established prima facie cases for his race discrimination and retaliation claims, and because he presented enough evidence to present his case to a jury. We discern no reversible error and affirm.

We have reviewed the record and have considered the parties' arguments and agree that McDougald failed to demonstrate that similarly situated non-African American employees were treated more favorably under similar circumstances. Thus, McDougald failed to establish a prima facie case of race discrimination. *See Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). We also agree that McDougald's evidence failed to establish the causation prong of his prima facie case of retaliation. *See, e.g., Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) ("The actions that led to Francis' probation and termination began before her protected activity, belying the conclusion that a reasonable factfinder might find that [the employer's] activity was motivated by Francis' . . . complaints.").

3

Based on the foregoing, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*